RICK D. ROSKELLEY, ESQ., Bar # 3192
MONTGOMERY Y. PAEK, ESQ., Bar # 10176
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:   702.862.8800
Fax No.:   702.862.8811
E-mail:   rroskelley@littler.com
E-mail:   mpaek@littler.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER MWITHIGA,<br><br>         Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES aka UBER aka UBER PARTNERS,<br><br>         Defendant. | Case No. 2:18-cv-00768-GMN-CWH<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant, Uber Technologies, Inc. ("Defendant"), by and through its attorneys of record, Littler Mendelson, P.C., hereby answers Plaintiff Peter Mwithiga's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

**PARTIES**

a.      Answering Paragraph (a) of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

b.      Answering Paragraph (b) of the Complaint, Defendant admits it is a Delaware corporation with its headquarters in San Francisco, California.  Defendant denies any and all remaining allegations in this paragraph.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**JURISDICTION & VENUE**

Answering the unnumbered sentence directly below "JURISDICTION AND VENUE", Defendant admits that Plaintiff alleges and purports to bring this case under the Fair Labor Standards Act and the Occupational Safety and Hazards Act.  Defendant denies any and all remaining allegations in this paragraph.

  i. Answering Paragraph (i) of the Complaint, Defendant denies the allegations set forth therein.

  ii. Answering Paragraph (ii) of the Complaint, Defendant denies the allegations set forth therein.

  iii. Answering Paragraph (iii) of the Complaint, Defendant denies the allegations set forth therein.

**I.** **MATERIAL FACTS**

  1. Answering Paragraph 1 of the Complaint, Defendant denies the allegations set forth therein.

  2. Answering Paragraph 2 of the Complaint, Defendant denies that Plaintiff is a former taxi driver for Defendant.  As to the remaining allegations, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the remaining allegations set forth therein.

  3. Answering Paragraph 3 of the Complaint, Defendant denies the allegations set forth therein.

  4. Answering Paragraph 4 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

  5. Answering Paragraph 5 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

  6. Answering Paragraph 6 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

denies the allegations set forth therein.

7. Answering Paragraph 7 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

8. Answering Paragraph 8 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

9. Answering Paragraph 9 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

10. Answering Paragraph 10 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

11. Answering Paragraph 11 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies that Plaintiff relied to his detriment on Defendant's actions. As to the remaining allegations, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the remaining allegations set forth therein.

13. Answering Paragraph 13 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

14. Answering Paragraph 14 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

15. Answering Paragraph 15 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

denies the allegations set forth therein.

16. Answering Paragraph 16 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

17. Answering Paragraph 17 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

18. Answering Paragraph 18 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

19. Answering Paragraph 19 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

20. Answering Paragraph 20 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies that Plaintiff relied on Defendant's actions to keep his Kia Sorento. As to the remaining allegations, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the remaining allegations set forth therein.

22. Answering Paragraph 22 of the Complaint, Defendant denies that the parties entered into a taxi contract. As to the remaining allegations, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the remaining allegations set forth therein.

23. Answering Paragraph 23 of the Complaint, Defendant denies that the Technology Services Agreement did not contain consideration. As to the remaining allegations, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the remaining allegations set forth therein.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

4.

24. Answering Paragraph 24 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

25. Answering Paragraph 25 of the Complaint, Defendant avers that under the Technology Services Agreement, Plaintiff retained the complete right to (i) use other software application services in addition to the Uber Services; and (ii) engage in any other occupation or business. As to the remaining allegations, Defendant denies the remaining allegations set forth therein.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations set forth therein.

27. Answering Paragraph 27 of the Complaint, Defendant denies the allegations set forth therein.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations set forth therein.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations set forth therein.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations set forth therein.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations set forth therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies the allegations set forth therein.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations set forth therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations set forth therein.

35. Answering Paragraph 35 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

denies the allegations set forth therein.

36. Answering Paragraph 36 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations set forth therein.

38. Answering Paragraph 38 of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

21.[*sic*] Answering Paragraph 21[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

22.[*sic*] Answering Paragraph 22[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

23.[*sic*] Answering Paragraph 23[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

24.[*sic*] Answering Paragraph 24[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

**II.    CAUSES OF ACTION**

**A.    DETRIMENTAL RELIANCE**

25.[*sic*] Answering Paragraph 25[*sic*] of the Complaint, Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 25[*sic*], and incorporates the same as though fully set forth herein.

26.[*sic*] Answering Paragraph 26[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations that Plaintiff

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

bought the car with specific intent to drive for the Defendant, and on that basis, denies the allegations set forth therein. As to the remaining allegations, Defendant denies the remaining allegations set forth therein.

27.[*sic*] Answering Paragraph 27[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

28.[*sic*] Answering Paragraph 28[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

29.[*sic*] Answering Paragraph 29[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

30.[*sic*] Answering Paragraph 30 [*sic*] of the Complaint, Defendant denies the allegations set forth therein.

**B.     BREACH OF CONTRACT**

30.[*sic*] Answering Paragraph 30[*sic*] of the Complaint, Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 30[*sic*], and incorporates the same as though fully set forth herein.

31.[*sic*] Answering Paragraph 31[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

32.[*sic*] Answering Paragraph 32[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

33.[*sic*] Answering Paragraph 33[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

34.[*sic*] Answering Paragraph 34[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

35.[*sic*] Answering Paragraph 35[*sic*] of the Complaint, Defendant has insufficient

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

7.

information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

36.[*sic*] Answering Paragraph 36[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

37.[*sic*] Answering Paragraph 37[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

38.[*sic*] Answering Paragraph 38[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

39.[*sic*] Answering Paragraph 39[*sic*] of the Complaint, Defendant has insufficient information or belief at this time to enable Defendant to admit or deny the allegations set forth, and on that basis, denies the allegations set forth therein.

40.[*sic*] Answering Paragraph 40[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

C.   **FRAUDULENCE[*sic*] INDUCEMENT**

41.[*sic*] Answering Paragraph 41[*sic*] of the Complaint, Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 40[*sic*], and incorporates the same as though fully set forth herein.

42.[*sic*] Answering Paragraph 42[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

43.[*sic*] Answering Paragraph 43[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

D.   **ECONOMIC DURESS**

44.[*sic*] Answering Paragraph 44[*sic*] of the Complaint, Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 44[*sic*], and incorporates the same as though fully set forth herein.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

8.

45.[*sic*] Answering Paragraph 45[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

46.[*sic*] Answering Paragraph 46[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

### E. VIOLATION OF FEDERAL MINIMUM WAGE LAW

47.[*sic*] Answering Paragraph 47[*sic*] of the Complaint, Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 47[*sic*], and incorporates the same as though fully set forth herein.

48.[*sic*] Answering Paragraph 48[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

49.[*sic*] Answering Paragraph 49[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

50.[*sic*] Answering Paragraph 50[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

51.[*sic*] Answering Paragraph 51[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

52.[*sic*] Answering Paragraph 52[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

53.[*sic*] Answering Paragraph 53[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

54.[*sic*] Answering Paragraph 54[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

55.[*sic*] Answering Paragraph 55[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

56.[*sic*] Answering Paragraph 56[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

57.[*sic*] Answering Paragraph 57[*sic*] of the Complaint, this paragraph asserts conclusions of law upon which no response is necessary. To the extent that said paragraph contains factual

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

9.

allegations, Defendant denies the remaining allegations set forth therein.

F. **SIXTH CAUSE OF ACTION FOR WILLFUL VIOLATION OF THE FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT (OSHA)**

Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 57[*sic*], and incorporates the same as though fully set forth herein.

59.[*sic*] Answering Paragraph 59[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

60.[*sic*] Answering Paragraph 60[*sic*] of the Complaint, Defendant avers that it requires driver-partners to provide the tools of their trade but deny that Defendant required Plaintiff to provide a 2015 Kia Sorento. As to the remaining allegations, Defendant denies the remaining allegations set forth therein.

61.[*sic*] Answering Paragraph 61[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

62.[*sic*] Answering Paragraph 62[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

G. **SEVENTH CAUSE OF ACTION FOR WRONGFUL TERMINATION**

Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 62[*sic*], and incorporates the same as though fully set forth herein.

Answering the unnumbered paragraph below "SEVENTH CAUSE OF ACTION FOR WRONGFUL TERMINATION" and the sentence incorporating by reference Paragraphs 1 through 62[*sic*], Defendant denies the allegations set forth therein.

63.[*sic*] Answering Paragraph 63[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

64.[*sic*] Answering Paragraph 64[*sic*] of the Complaint, Defendant denies that Plaintiff is entitled to tremble[*sic*] and punitive damages against Defendant. Defendant further denies any remaining allegations set forth therein.

H. **EIGHTH CAUSE OF ACTION FOR FRAUD**

Defendant repeats and realleges by reference each and every response, denial, and admission

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

10.

contained in Paragraphs 1 through 64[*sic*], and incorporates the same as though fully set forth herein.

65.[*sic*] Answering Paragraph 65[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

66.[*sic*] Answering Paragraph 66[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

67.[*sic*] Answering Paragraph 67[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

**I.  NINTH CAUSE OF ACTION FOR EMBEZZLEMENT**

Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 67[*sic*], and incorporates the same as though fully set forth herein.

68.[*sic*] Answering Paragraph 68[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

69.[*sic*] Answering Paragraph 69[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

70.[*sic*] Answering Paragraph 70[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

71.[*sic*] Answering Paragraph 71[*sic*] of the Complaint, Defendant denies the allegations set forth therein.

**DISPOSITIVE MOTION I**

Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 71[*sic*], and incorporates the same as though fully set forth herein.

72.[*sic*]-87[*sic*] Answering Paragraphs 72[*sic*] through 87[*sic*] of the Complaint, a "dispositive motion" is not a form of pleading allowed under Federal Rule of Civil Procedure 7(a). As such, Plaintiff's "dispositive motion" is improperly brought. To the extent that Plaintiff asserts any allegations in said paragraphs, Defendant denies any allegations set forth therein.

**DISPOSITIVE MOTION II**

Defendant repeats and realleges by reference each and every response, denial, and admission contained in Paragraphs 1 through 87[*sic*], and incorporates the same as though fully set forth herein.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

11.

88.[*sic*]-96[*sic*] Answering Paragraphs 88[*sic*] through 96[*sic*] of the Complaint, a "dispositive motion" is not a form of pleading allowed under Federal Rule of Civil Procedure 7(a). As such, Plaintiff's "dispositive motion" is improperly brought. To the extent that Plaintiff asserts any allegations in said paragraphs, Defendant denies any allegations set forth therein.

**<u>AFFIRMATIVE DEFENSES</u>**

1. As a separate and affirmative defense to the Complaint, Plaintiff failed to comply with the mandatory arbitration agreement entered into with Defendant and has filed his Complaint in the wrong forum.

2. As a separate and affirmative defense to the Complaint, Defendant expressly asserts its rights to arbitration and to compel arbitration.

3. As a separate and affirmative defense to the Complaint, Plaintiff failed to exhaust plaintiff's administrative, statutory, arbitration and/or contractual remedies.

4. As a separate and affirmative defense to the Complaint, Plaintiff failed to effectuate proper service of the summons and complaint.

5. As a separate and affirmative defense to the Complaint, Plaintiff failed to state claims upon which relief may be granted.

6. As a separate and affirmative defense to the Complaint, the Court lacks subject matter jurisdiction over Plaintiff's claims.

7. As a separate and affirmative defense to the Complaint, Defendant alleges that the loss, injuries or damages, if any, suffered by Plaintiff were the result of Plaintiff's own acts, omissions or wrongdoing, or the result of the acts, omissions or wrongdoing of third parties over whom Defendant has and had no control.

8. As a separate and affirmative defense to the Complaint, Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

9. As a separate and affirmative defense to the Complaint, any alleged conduct, act, or omission against Defendant is not the cause in fact or proximate cause of the damages, if any, suffered by Plaintiff.

10. As a separate and affirmative defense to the Complaint, Plaintiff's claims are barred

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

by the doctrines of waiver, laches, unclean hands, estoppel, and/or other equitable doctrines.

11. As a separate and affirmative defense to the Complaint, Plaintiff failed to mitigate Plaintiff's alleged damages.

12. As a separate and affirmative defense to the Complaint, any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

13. As a separate and affirmative defense to the Complaint, Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

14. As a separate and affirmative defense to the Complaint, Defendant alleges that any actions taken concerning the Plaintiff arose from Defendant's rights under contract.

15. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has already been fully compensated for any alleged payments due.

16. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff was never entitled to the monies to which Plaintiff asserts a right in the Complaint.

17. As a separate and affirmative defense to the Complaint, Defendant at all times acted in good faith, without malice and was justified with regard to its legal obligations to Plaintiff.

18. As a separate and affirmative defense to the Complaint, if Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any payments Plaintiff received.

19. As a separate and affirmative defense to the Complaint, Defendant alleges that punitive damages are unconstitutional in general and as applied to Defendant.

20. As a separate and affirmative defense to the Complaint, Plaintiff has failed to set forth facts sufficient to support a claim for punitive damages and/or attorneys' fees.

21. As a separate and affirmative defense to the Complaint, Defendant alleges that punitive damages constitute excessive fines prohibited by the United States and the Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the fourteenth amendment of the United States Constitution and in accordance with Article i, Section 8 of the Nevada Constitution.

22. As a separate and affirmative defense to the Complaint, Defendant alleges that

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Plaintiff's claim under the Fair Labor Standards Act fails in that Plaintiff is not an employee to which it applies.

23. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claim under the Occupational Safety and Health Act fails in that Plaintiff is not an employee to which it applies.

24. As a separate and affirmative defense to the Complaint, Defendant alleges that there is no private right of action under the Occupational Safety and Health Act and Plaintiff lacks standing to bring a claim under the Act.

25. As a separate and affirmative defense to the Complaint, Defendant alleges that there was never a meeting of the minds regarding any contract alleged by Plaintiff.

26. As a separate and affirmative defense to the Complaint, Defendant alleges that any obligation or duty, contractual or otherwise, which Plaintiff claims to be owed by Defendant, has been fully performed, satisfied and/or discharged.

27. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's Complaint and each cause of action asserted therein, are subject to the doctrine of accord and satisfaction and therefore, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

28. As a separate and affirmative defense to the Complaint, Defendant alleges that if any contract exists between Plaintiff and any Defendant, then Defendant is entitled to legal and equitable rescission.

29. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff failed to provide any consideration for the contract which Plaintiff now claims is breached.

30. As a separate and affirmative defense to the Complaint, Defendant alleges that performance of any alleged contract would be impossible and/or impracticable.

31. As a separate and affirmative defense to the Complaint, Defendant alleges that Defendant has wholly performed all covenants of any alleged agreement(s) or contract(s) with Plaintiff in the manner and time agreed by the parties.

32. As a separate and affirmative defense to the Complaint, Defendant alleges that

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Plaintiff's Complaint and each cause of action asserted therein, are barred by the affirmative defenses set forth at Fed. R. Civ. P. 8(c) and any other applicable affirmative defenses not set forth herein.

33. As a separate and affirmative defense to the Complaint, pursuant to Fed. R. Civ. P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend or supplement its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants or as more defenses and claims may become known through discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be entered in favor of Defendant;

2. That Defendant be awarded its reasonable attorney's fees and cost of suit incurred in defense of this action; and

3. For such other and further relief as the Court may deem just and proper.


Dated: May 25, 2018

Respectfully submitted,

/s/ Montgomery Y. Paek
RICK D. ROSKELLEY, ESQ.
MONTGOMERY Y. PAEK, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

15.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169. On May 25, 2018, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒ By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

Peter Mwithiga
935 Radkovich Avenue
Las Vegas, NV 89119
Pro Se Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2018, at Las Vegas, Nevada.

/s/ Robyn Craig
Robyn Craig

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

16.