UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER MWITHIGA,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

    Defendant.

Case No. 2:18-cv-00768-GMN-CWH

**ORDER**

Presently before the court is defendant Uber Technologies, Inc.'s Motion for Temporary Stay of Discovery Pending Resolution of Defendant's Motion to Compel Arbitration and Motion to Extend Discovery Deadline (ECF Nos. 31, 32), filed on October 31, 2018. Plaintiff Peter Mwithiga filed a response (ECF No. 33) on November 5, 2018. Uber filed a reply (ECF No. 34) on November 12, 2018.

Also before the court is the parties' stipulation to extend discovery (ECF No. 35), filed on November 30, 2018.

**I.    BACKGROUND**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. Mwithiga is an Uber driver. He brings nine claims against Uber in this lawsuit, all of which Uber asserts are subject to an arbitration agreement. Uber filed a motion to compel arbitration that is currently pending before the United States district judge assigned to this case. (Mot. to Compel (ECF No. 10).) Uber now moves for a temporary stay of discovery pending the court's decision on the motion to compel arbitration, arguing the parties' arbitration agreement divests this court of jurisdiction over Mwithiga's claims. Uber also moves to extend the discovery deadlines in this case pending the court's decision on the motion to compel arbitration. Mwithiga responds that the arbitration agreement does not apply and that there is not good cause to extend discovery.

## II. ANALYSIS

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the court took a "preliminary peek" at the motion to compel arbitration and finds that Uber made the strong showing necessary to support the requested stay of discovery. If the motion to compel arbitration is granted, it will be dispositive of the pending claims in this case. Additional discovery is not required for the court to determine whether the parties agreed to submit this dispute to arbitration. If this case is subject to arbitration, the discovery likely would

be less expensive and more efficient, which promotes Rule 1's directives that cases be determined in a just, speedy, and inexpensive manner. The court in its discretion therefore will grant Uber's motion to stay discovery.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that Uber's motion to stay discovery (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that discovery is temporary stayed pending the court's decision on Uber's motion to compel arbitration (ECF No. 10). If the motion to compel arbitration is denied, the parties must meet and confer and file a proposed discovery plan and scheduling order with 21 days of the court's order.

IT IS FURTHER ORDERED that Uber's motion to extend discovery (ECF No. 32) is DENIED as moot.

IT IS FURTHER ORDERED that the parties' stipulation to extend discovery (ECF No. 35) is DENIED as moot.

DATED: December 4, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE